[No. F003864. Fifth Dist. July 22, 1985.]

In re PAUL P., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
PAUL P., Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II, III, IV and V.*

COUNSEL

Thomas S. Lafaille and Eric L. Henrikson, under appointments by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and W. Scott Thorpe, Deputy Attorney General for Plaintiff and Respondent.

OPINION

**FRANSON, Acting P. J.—**

### STATEMENT OF THE CASE

A petition was filed in Madera County Juvenile Court charging appellant with one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)); one count of sodomy by force (Pen. Code, § 286, subd. (c)) and one count of committing a lewd and lascivious act on a child less than 14 years of age (Pen. Code, § 288, subd. (a)). The first two counts were found true beyond a reasonable doubt; the third count was found not true.

Appellant was committed to California Youth Authority (CYA or Youth Authority) pursuant to Welfare and Institutions Code sections 602 and 707, subdivision (b), for a period not to exceed nine years (eight years for sodomy and one year for assault with a deadly weapon).

## THE FACTS

Appellant, then age 17, had been a resident at Ahwahnee Hills School, a facility for troubled and/or delinquent minors,[1] for about two weeks when he committed the present offenses. On December 30, 1983, he encountered 11-year-old Ardeen P. in a hallway and told him to come with him into a nearby restroom. Once inside the restroom, appellant pulled a butter knife with a serrated edge out of his boot, held it to Ardeen's throat and ordered Ardeen to take down his pants. When Ardeen resisted, appellant hit him in the head with the handle of the knife, "bounced" Ardeen's head against the bathroom wall and cut Ardeen's hand with the knife. Appellant accomplished an act of sodomy on Ardeen before Ardeen's screams summoned counselors to his rescue.

Minutes later, caseworker/therapist Michael Moseley found appellant in the restroom "tremulous and somewhat salivating about the mouth," standing rigidly against the restroom wall. Other counselors were also present at this time. Moseley coaxed appellant into his office and asked him what had happened. After about five minutes of silence, appellant began to repeat over and over, "I'm angry, I'm angry." Five minutes later, appellant began relating to Moseley that he was angry with various members of his family. After another five minutes, Moseley was summoned outside by a counselor who explained what appellant had done to Ardeen and that the sheriff's department was on its way. Moseley returned to his office and again asked appellant what had happened. Appellant described his offenses to Moseley and said he was not sorry for them. Moseley then informed appellant the sheriff's department was on its way.

Deputy Sheriff Forrest Wimer arrived at the school and read appellant his *Miranda* rights. Appellant said he understood his rights but did not want to

---

[1]This court judicially notes that Ahwahnee Hills School, Inc., is a private resident facility licensed by the State of California, Department of Social Services, Community Care Division. The 24 residents are wards of juvenile courts placed at the school by probation officers or welfare departments of various counties throughout the state. The school is funded by the placing agencies at a rate set by the Department of Social Services and by subsidies under the state lunch program.

The school is not a locked facility in that the licensing requirements provide that a resident shall "not be locked in any room, building or facility premises by day or night."

Under the general licensing requirements, the school is required to investigate and report in writing to the licensing agency any injury to any student which requires medical treatment or any unusual incident which threatens the physical or emotional health or safety of any student.

make a statement. A minute or so later, appellant said he would make a statement and issued a written confession.

## DISCUSSION

## I

*Miranda warnings were not required before appellant was questioned by Mr. Moseley.*

The procedural safeguards of *Miranda* come into play only where "custodial interrogation" is involved. This means "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." (*Miranda v. Arizona* (1965) 384 U.S. 436, 444 [16 L.Ed.2d 694, 706, 86 S.Ct. 1602, 10 A.L.R.3d 974]; *In re Eric J.* (1979) 25 Cal.3d 522, 527 [159 Cal.Rptr. 317, 601 P.2d 549].)

Appellant argues that he was in custody when he was detained in Moseley's office for questioning. Appellant also argues that he was subjected to "police interrogation" while he was in custody because Moseley was acting as a law enforcement officer in two respects when questioning appellant: (1) Moseley had been told that a sheriff's officer was on his way to the school and thus Moseley was acting on behalf of law enforcement when he repeated his questioning of appellant as to what had happened in the restroom; and (2) Moseley was an arm of the county probation officer who had placed appellant for treatment at the school. Appellant relies on the following testimony by Moseley concerning his status with the school: "We as caseworkers, our referrals are mandated by the court and as such are made a ward of the probation officer. We in turn are an extension of that in terms of working with the child's program." Moseley, however, explained why he had not *Mirandized* appellant: "I did not advise him of *Miranda* rights. Among therapists and psychologists in the State of California, if there is a felony or any related matter, it is without our responsibility to report that and bear testimony, if necessary, in a court of law. So I did not feel that that procedure was appropriate."

■ While we will assume that appellant was in custody for *Miranda* purposes when he was being questioned by Moseley (he probably was not free to leave Moseley's office or the school itself pending arrival of the sheriff's officer), we nevertheless conclude for the reasons stated below that there was no police interrogation because Moseley was not acting in a law enforcement capacity when questioning appellant.

The courts have consistently held that *Miranda* is applicable only to questioning by law enforcement officials, their agents and agents of the court while the suspect is in official custody. (See *In re Deborah C.* (1981) 30 Cal.3d 125, 130-134 [177 Cal.Rptr. 852, 635 P.2d 446]; *In re Eric J., supra,* 25 Cal.3d 522, 527; *People* v. *Whitt* (1984) 36 Cal.3d 724, 745 [205 Cal.Rptr. 810, 685 P.2d 1161].) "A private citizen is not required to advise another individual of his rights before questioning him. [Citations.] Absent evidence of complicity on the part of law enforcement officials, the admissions or statements of a defendant to a private citizen infringe no constitutional guarantees." (*People* v. *Mangiefico* (1972) 25 Cal.App.3d 1041, 1049 [102 Cal.Rptr. 449].) For example, nongovernmental security employees that act without police cooperation have been regarded as private citizens unaffected by *Miranda.* (*In re Deborah C., supra,* 30 Cal.3d at p. 131.) On the other hand, where the questioner is a state agent charged with law enforcement duties, the *Miranda* warnings must be given. (See *People* v. *Webster* (1971) 14 Cal.App.3d 739, 743 [93 Cal.Rptr. 260] holding Fifth Amendment principles applicable to state prison correctional officers and county probation officers; *People* v. *Claxton* (1982) 129 Cal.App.3d 638, 670, 671 [181 Cal.Rptr. 281] (conc. opn.)—holding a juvenile hall group supervisor to be a police agent within the meaning of *Miranda;* cf. *People* v. *Wright* (1967) 249 Cal.App.2d 692, 694-695 [57 Cal.Rptr. 781].) Fifth Amendment principles apply even though the statements are made to state agents in a postconviction setting. (*People* v. *Webster, supra,* 14 Cal.App.3d at p. 743.)

In the present case, there is no evidence that Moseley was acting under the direction of the sheriff's office in detaining or questioning appellant. The fact that Moseley knew that the sheriff's officer was on his way to the school did not alter Moseley's status as a private employee of the school nor does it negate the fact that Moseley was acting on his own initiative as a caseworker/therapist. As an employee of Ahwahnee Hills School, Inc., a state licensee, Moseley was obligated to investigate and report to the state any injury to any student which would require medical treatment or any unusual incidents which caused injury or emotional trauma to the health or safety of any student (see fn. 1, *ante*). Since appellant and Ardeen had both suffered serious emotional trauma in the incident, Moseley was justified in eliciting the facts from appellant.

Nor can it be said that Moseley was acting as an agent of the county probation officer or juvenile court in questioning appellant. Although Moseley recognized that the residents of the school were wards of the juvenile court and had been placed at the school by the probation officer, his opinion that he "was an extension of that in terms of working with the child's progress" did not cloak him with a law enforcement status insofar as his

questioning of appellant. Moseley explained that he had no official responsibility to report crimes by students at the school which shows that he did not subjectively believe that he was acting in a governmental capacity in questioning appellant. Again, we find no involvement by any governmental agency in Moseley's questioning of appellant. If the facts of this case should suffice to give Moseley "law enforcement" status for *Miranda* purposes, then any person having custody of a minor pursuant to court order such as a foster parent would be deemed an agent of law enforcement for *Miranda* purposes—a consequence far beyond the intendment of the "police interrogation" concept of *Miranda*.

II*

*Appellant's confession to Moseley was not a privileged psychotherapist-patient communication.*

. . . . . . . . . . . . . . . . . . . . . . . .

The judgment is modified so that the lesser commitment term of one year for assault with a deadly weapon is stayed pending completion of appellant's eight-year commitment term for sodomy. The trial court is directed to file an amended judgment reflecting the stay of the assault with a deadly weapon term and to send a certified copy of the amended judgment to the Youth Authority. In all other respects, the judgment is affirmed.

Hanson (P. D.), J., and Martin, J., concurred.

---

*See footnote *ante*, p. 397.